IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM A ASH, : | |
| Plaintiff : | |
| : | CIVIL NO. 1:CV-16-0148 |
| v. : | |
| : | (Judge Caldwell) |
| ROBERT LAWTON, *et al.,* : | |
| Defendants : | |

*M E M O R A N D U M*

I.   *Introduction*

Presently before the Court is Ash's motion for appointment of counsel. (ECF No. 26, Mot. for Counsel).  For the reasons that follow the motion will be denied.

II.   *Discussion*

This is a civil action, not a criminal one.  Hence the plaintiff has no constitutional or statutory right to appointed counsel. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002).  Nor can the court compel a lawyer to represent an indigent plaintiff. *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).  Rather, representation for an indigent is governed by 28 U.S.C. § 1915(e)(1) which only provides that the court "may *request* an attorney to represent any person unable to afford counsel." (emphasis added).

A district court has broad discretion under 28 U.S.C. § 1915(e)(1) in deciding whether to seek counsel, *Montgomery,* 294 F.3d at 498, and the decision can

be made at any point in the litigation. *Id.* at 503-04 ("Either the Magistrate Judge or the District Court should have recognized Montgomery's difficulties as they became increasingly apparent and, in light of them, reconsidered Montgomery's motion for appointment of counsel.").

The Third Circuit has provided guidance for the exercise of the district court's discretion. At the threshold, the court must decide whether the plaintiff's case "has some arguable merit in fact and law." *Id.* at 499 (quoting *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997)). A court need not appoint counsel "if the indigent's chances of success on the merits are extremely slim." *Id.* at 500 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986)) (internal quotation marks and brackets omitted). If the threshold requirement is met, the court then considers a number of factors established by the Third Circuit to determine whether it is appropriate to request counsel for an indigent party. These factors include: (1) the plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Tabron*, 6 F.3d at 155-57.

"[V]olunteer lawyer time is a precious commodity, *Montgomery, supra,* 294 F.3d at 499, so the district court's "broad statutory discretion" should be exercised "discerningly." *Id.* at 505 n.10. However, if the case "appears to have merit" and "most of the . . . *Tabron* factors have been met, the Third Circuit "instruct[s]" that the district

2

court "should make every attempt to obtain counsel." *Id.* at 505 (quoting *Parham*, 126 F.3d at 461)(internal quotation marks omitted).

The pro se Plaintiff, William Ash, an inmate presently housed at the Dallas State Correctional Institution (SCI-Dallas), in Dallas, Pennsylvania, filed this civil-rights action pursuant to 42 U.S.C. § 1983 on January 21, 2016. He seeks monetary damages for the fifteen days he spent in county prison following his receipt of a judicial order granting him unsecured bail. Named as Defendants are the following Luzerne County employees: Robert Lawton; J. Allen Nesbitt; James Larson and Mark Rockcovich. (ECF No. 1, Compl.) Defendants have filed a motion to dismiss Ash's Complaint arguing that it was filed outside the applicable statute of limitations. (ECF No. 21, Mot. to Dismiss). Ash filed a brief in opposition to Defendants' potentially dispositive motion. (ECF No. 25, Pl.'s Opp'n Br.).

In support of Plaintiff's motion for counsel, Ash argues that he is indigent, the issues in this case are complex and his lack of knowledge of the law may hinder his ability to proceed, and that his attempts to obtain counsel on his own have been unsuccessful. (ECF No. 26).

To date, Ash's correspondence to the court has been clear and easily understood. His communication is direct and demonstrates a firm grasp of the English language. Although Ash perceives the single legal issues presented in his Complaint as complex, it is not. The merits of his case are rather straightforward. Likewise, although he is indigent and incarcerated, these facts alone do not merit the appointment given this court's liberal construction of *pro se* pleadings. *Haines v. Kerner*, 404 U.S. 519, 92

S.Ct. 594, 30 L.Ed.2d 652 (1972). At this point in the litigation, the court has yet to address Defendants' motion to dismiss. Following our resolution of that motion the Court will be better positioned to determine what issues, if any, remain. At this point there is no evidence that any prejudice will befall Ash in the absence of court-appointed counsel. Consequently, his request for counsel will be denied at this time.

        An appropriate order follows.

                                    /s/ William W. Caldwell
                                    William W. Caldwell
                                    United States District Judge

Date: September 7, 2017