IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM A ASH, : | |
| : | |
| Plaintiff : | |
| : | CIVIL NO. 1:CV-16-0148 |
| v. : | |
| : | (Judge Caldwell) |
| ROBERT LAWTON, *et al.,* : | |
| : | |
| Defendants : | |

*M E M O R A N D U M*

I.  *Introduction*

The pro se plaintiff, William Ash, has filed a 42 U.S.C. § 1983 action alleging that his detention for about two weeks at the Luzerne County Prison after he was granted bail violated his First, Eighth, and Fourteenth Amendment rights. Presently before the Court is Defendants' motion to dismiss the Complaint on the basis of the statute of limitations. (ECF No. 21).

For the reasons that follow Defendants' motion to dismiss will be granted and the Complaint dismissed.

II.  *Standard of Review*

A motion to dismiss under Fed. R. Civ. P 12(b)(6) authorizes the dismissal of a complaint "for failure to state a claim upon which relief can be granted." Under Fed. R. Civ. P. 12(b)(6), the district court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under

any reasonable reading of the complaint, the plaintiff is entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. at 1974. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965). Formulaic recitations of the elements of a cause of action will not suffice. *See Id*. "[L]abels and conclusions" are not enough, and a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965.

With this standard in mind, the following is the background to this litigation, as Plaintiff alleges it.

III.     *Background*

On December 11, 2013, William Ash was picked up on an active bench warrant, issued after he failed to appear at a court ordered pre-trial hearing. (ECF No. 1, Compl.) Following a December 18, 2013, bail hearing, the Honorable William H. Amesbury of the Luzerne County Court of Common Pleas set Ash's bail at $25,000

unsecured. (*Id.*, p. 6). The following day, Ash wrote to Mark Rockovich, the Captain of Records, asking why he was still being held. He received no response. (*Id.*, p. 3 and p. 7). On December 22, 2013, still incarcerated, he wrote to Deputy Warden James Larson asking why he was still being held. (*Id.*, p. 3 and p. 8). On December 28, 2013, he was called down to "the Lieutenant's office" to learn that his daughter had been in a car accident. When he asked the Lieutenant about his release, she responded that he was being held on $25,000 bail. (*Id.*, p. 4). The next day Ash filed a grievance concerning his release. (*Id.*, p. 4 and p. 9). He was released on January 2, 2014, without receiving a response to his grievance. (*Id.*, p. 4). Under the prison mailbox rule, see *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013), this lawsuit is considered filed on January 21, 2016.

IV.   *Discussion*

There is no specific statute of limitations for actions filed pursuant to 42 U.S.C § 1983. *Pearson v. Sec'y Dept. of Corr.*, 775 F.3d 598, 602 (3d Cir. 2015). Rather, the United States Supreme Court has held that the statute of limitations for personal injury actions in the state where the cause of action arose is to be employed. *Wallace v. Kato*, 549 U.S. 384, 387, 127 S.Ct. 1091, 1094, 166 L.Ed.2d 973 (2007); see also *Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 859 - 60 (3d Cir. 2014). As Pennsylvania has a two-year statute of limitations for personal injury actions, the statute of limitations applicable to claims brought under § 1983 in Pennsylvania is two years, subject to any state law tolling provisions which are not

inconsistent with federal law.  See 42 PA. CONS. STAT. § 5524(7) (2014); *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009); *Lake v. Arnold*, 232 F.3d 360, 368–69 (3d Cir. 2000).

The date when a § 1983 cause of action accrues is determined by federal law.  Under federal law, a civil rights cause of action accrues and the statute of limitations begins to run " 'when the plaintiff knew or should have known of the injury upon which [his] action is based.' "  *Kach*, 589 F.3d at 634 (quoted cases omitted) (brackets added).  A "cause of action accrues even though the full extent of the injury is not then known or predictable … Were it otherwise, the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief."  *Wallace*, 549 U.S. at 392, 127 S.Ct. at 1097 (internal quotation marks and citations omitted).

Section 1983's statute of limitations is subject to tolling.  First, the statute is tolled while an inmate plaintiff exhausts his administrative remedies.  See *Pearson*, 775 F.3d at 603 ("[T]he PLRA is a statutory prohibition that tolls Pennsylvania's statute of limitations while a prisoner exhausts administrative remedies.")  Second, the statute of limitations may be equitably tolled when the plaintiff has been prevented from filing in a timely manner due to sufficiently inequitable circumstances.[1]  See *Cunningham v.*

---

[1] "[T]o benefit from the equitable tolling doctrine, plaintiffs have the burden of proving three *necessary* elements:  (1) that the defendant actively misled the plaintiff; (2) which prevented the plaintiff from recognizing the validity of her claim within the limitations period; and (3) where the plaintiff's ignorance is not attributable to her lack of reasonable due diligence in attempting to uncover the relevant facts."  *Cetel v. Kirwan Fin. Grp., Inc.*, 460 F.3d 494, 509 (3d Cir. 2006).  "[T]here are few facts which diligence cannot discover, but there must be some reason to awaken inquiry and direct diligence in the channel in which it would be

*M&T Bank Corp.*, 814 F.3d 156, 160 (3d Cir. 2016) (citing *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2007)). Finally, "[t]he 'discovery rule' tolls the limitations period where the injured party is unable to know that he is injured and to know what caused the injury, despite the exercise of reasonable diligence." *Brown v. Buck*, 614 F. App'x 590, 593 (3d Cir. 2015) (nonprecedential).

Here, there is no dispute that Ash believed that he was "being held against his will" after he was granted unsecured bail on December 18, 2013, but was not released the following day, or the following week. He asked staff for help, filed a request slip, and a grievance concerning the situation without a satisfactory response. He was ultimately released on January 2, 2014. Yet he did not file this action until January 21, 2016. (ECF No. 1, Compl.) Clearly, Ash was aware of his injury as of December 19, 2013, the date he knew he was still being held even though bail had been granted. Thus he had until December 19, 2015, to file his action. While he argues that he was unaware that he could bring his action prior to his March 12, 2015, sentencing date, this mistake is not a basis to toll the statute of limitations. Ash also suggests that Defendants committed fraud and misled him as to his ability to file this action by their failure to respond to his requests and grievance prior to his January 2, 2014, release. (ECF No. 25, p. 2). The Court does not agree.

Ash presents no facts to suggest that Defendants attempted to "cover up" their failure to release him following his receipt of unsecured bail. At best, Ash could

---

successful. This is what is meant by reasonable diligence." *Debiec v. Cabot Corp.*, 352 F.3d 117, 129 (3d Cir. 2003) (quotation omitted).

argue that his statute of limitations was tolled while he awaited a response to his grievance prior to his January 2, 2014, release. Such an argument would only extend his limitation period until January 2, 2016. Even under this calculation, his Complaint is untimely filed.

V.   *Conclusion*

"[I]f a complaint is vulnerable to [Rule] 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008). In this instance, the court believes that any amendment to Ash's claims against the Defendants would be futile given the applicable statute of limitations.

We will issue an appropriate order.

    /s/ William W. Caldwell
    William W. Caldwell
    United States District Judge

Date:  September 7, 2017