# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM A. ASH, | : |
| Plaintiff | : |
| | : CIVIL NO. 1:CV-16-0148 |
| v. | : |
| | : (Judge Caputo) |
| ROBERT LAWTON, *et al.*, | : |
| Defendants | : |

# MEMORANDUM

## I.    Introduction

Before the Court is Plaintiff's motion for reconsideration of the September 7, 2017, Order dismissing his Complaint as barred by the statute of limitations. (ECF No. 34). For the following reasons, the Court will deny Plaintiff's motion for reconsideration.

## II.    Standard of Review

Pursuant to Federal Rule of Civil Procedure 59(e), a party may move "to alter or amend a judgment." Fed. R. Civ. P. 59(e). The scope of a motion for reconsideration of a final judgment under Rule 59(e) is extremely limited. *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). It may be used only to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). To prevail on a motion for reconsideration under Rule 59(e), the movant must show at least "one of the following grounds:  (1) an intervening change in controlling law; (2) the availability of new evidence that was not

available when the court ... [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *U.S. ex rel Shumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848 – 49 (3d Cir. 2014) (citing *Max's Seafood Café*, 176 F.3d at 677).

III. Discussion

In his Complaint, Ash claims Luzerne County Prison officials failed to release him in a timely fashion after he was granted unsecured bail on December 18, 2013. (ECF No. 1). He was not released until January 2, 2014. (*Id.*) Ash filed his lawsuit on January 21, 2016. (*Id.*) On September 7, 2017, the Honorable William C. Caldwell granted Defendants' motion to dismiss based on the statute of limitations.[1] (ECF No. 33).

On October 4, 2017, Ash filed a motion for reconsideration of our dispositive order based on his indigent status, eighth grade education, history of mental illness, bilateral cataracts, and limited access to the institution's law library. (ECF No. 34). Ash did not file a brief in support of his motion for reconsideration.

Ash fails to provide any evidence or argument to show that the Court "overlooked" a factual or legal issue that may alter the disposition of the matter. Rather, he presents new information, information that was known to him at the time he filed his brief in opposition to the Defendants' motion to dismiss, but not previously presented.

---

[1] This case was assigned to the undersigned upon the retirement of Judge Caldwell.

Additionally, Ash's erroneous reliance on the belief that his claims were subject to a four year, rather than a two-year, statute of limitations does not provide a basis for reconsideration.

Accordingly, his motion for reconsideration will be denied because Plaintiff fails to satisfy the threshold for granting such relief. He has not presented the Court with changes in controlling law, factual issues that were overlooked, newly discovered evidence, or a clear error of law or fact that would necessitate a different ruling in order to prevent a manifest injustice.

An appropriate order follows.

Date: January 14, 2019

/s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**